Sean C. Ferry (SBN 310347)
sferry@raslg.com
**Robertson, Anschutz, Schneid & Crane LLP**
350 10th Avenue, Suite 1000
San Diego, CA 92101
Telephone: (470) 321-7112

Attorneys for Creditor
U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE FOR
RCF2 ACQUISITION TRUST

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Tamara Taylor Reeder<br>    Debtor. | Case No. 23-41536<br><br>Chapter 13<br><br>**RESPONSE TO DEBTOR'S OBJECTION TO FORM 410 CLAIM NUMBER 4 BY CLAIMANT U.S. BANK TRUST NATIONAL ASSOCIATION** |

Selene Finance LP as servicer for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST (hereinafter the" Secured Creditor") respectfully submits the following Response to the Debtor's *Objection to Form 410 Claim Number 4 by Claimant U.S. Bank Trust National Association*, and the files and records of this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  FACTUAL BACKGROUND[1]**

1. The property at issue is located at 5632 Weaver Place, Oakland, CA 94619 (hereinafter the "Subject Property").

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the relevant documents filed in the instant case.

2. On or about March 16, 2007, the Debtor executed an Interest Only Adjustable Rate Note in the original principal sum of $947,000.00 (hereinafter "Note") which was made payable to Countrywide Home Loans, INC., (hereinafter "Lender"). The Note was and remains secured by a recorded deed of trust (hereinafter the "Deed of Trust") encumbering the Subject Property. Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Creditor.

3. On or about October 26, 2021, the Debtor executed a loan modification agreement (hereinafter the "Loan Modification") which modified the terms of the loan.

4. On November 21, 2023, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California – Oakland Division, and was assigned case number 23-41536.

5. Creditor filed a proof of claim in the instant case on January 19, 2023 (hereinafter the "Proof of Claim"). The Proof of Claim was entered on the official claims register as Claim No. 4-1.

6. On March 1, 2024, The Debtor filed an Objection to Form 410 Claim Number 4 by Claimant U.S. Bank Trust National Association. (hereinafter the "Objection"). *See* Docket Entry No. 38. The Objection seeks to Disallow the Proof of Claim.

II. **ARGUMENT**

A. **DEBTOR HAS NOT REBUTTED THE PRESUMPTIVE VALIDITY OF CREDITOR'S CLAIM**

A Proof of Claim executed and filed constitutes prima facie evidence of the validity and amount of the claim. Federal Rule of Bankruptcy Procedure 3001 (f); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) quoting 3 Lawrence P. King, Collier on Bankruptcy Case Section 502.02, at 502-22 (15th ed. 1991). After an objection is raised, the objector bears the burden of going forward to produce evidence sufficient to negate the prima facie validity of the filed claim. *In re Allegheny Intern, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992). If the objector produces evidence sufficient to negate the validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate by a preponderance of evidence that the claim deserves to share in the distribution of

- 2 -  CASE NO **23-41536**
**RESPONSE TO DEBTOR'S OBJECTION TO FORM 410 CLAIM NUMBER 4 BY CLAIMANT U.S. BANK TRUST NATIONAL ASSOCIATION**
Case: 23-41536   Doc# 45   Filed: 03/12/24   Entered: 03/12/24 12:24:25   Page 2 of 6

the debtor's assets. Allegheny Intern, Inc., 954 F.2d at 174; Holm, 931 F2d at 623; 3 Lawrence P. King, Collier on Bankruptcy, Section 502.02 at 502-22 (15th ed. 1993).

1. The Proof of Claim is Presumptively Valid.

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim executed and filed in accordance with Rule 3001 shall constitute prima facie evidence of the validity and amount of the claim. Pursuant to Rule 3001(a), the Proof of Claim was filed on the official court form. Pursuant to Rule 3001(b), the proof of claim was executed by the Creditor's authorized agent. Pursuant to Rule 3001(c)(1), copies of the writings which provide the basis for the claim (the Note, Deed of Trust, Assignments thereof, and the Loan Modification Agreement) are attached to the Proof of Claim. Pursuant to Rule 3001(c)(2)(A)-(C), the Proof of Claim contained an itemized statement of interest, fees, and expenses, and an additional statement of the amount necessary to cure the prepetition default. Pursuant to Rule 3001(d), the Proof of Claim included evidence that Creditor's security interest in the Subject Property has been perfected. As the Proof of Claim was filed in accordance with Rule 3001, it constitutes prima facie evidence as to the validity and amount of the Claim.

2. The Debtor has Failed to Produce Sufficient Evidence to Negate the Prima Facie Validity of the Proof of Claim.

The Debtor's Objection seems to be based on the erroneous allegation that the Secured Creditor does not have an interest in the Deed of Trust. However, the recorded Deed of Trust, along with assignments of the Deed of Trust are attached as exhibits to the Proof of Claim. The Debtor has not alleged that she did not sign the Deed of Trust and has not presented any articulable arguments as to why the assignments are invalid.

Furthermore, the Debtor executed the Loan Modification on or about October 26, 2021. . (*See* Pages 46-56 of the Proof of Claim.) The Debtor has failed to explain how or why she would have entered into the Loan Modification if the Secured Creditor did not have an interest in the Subject Property.

In summary, the Debtor's Objection is an incoherent rambling of legal conclusions, unsupported by evidence, which fails to explain why Secured Creditor's claim should not be

allowed. As a result, the Debtor has not rebutted the presumptive validity of Secured Creditor's Proof of Claim.

B. **THE DEBTOR HAS NOT PRESENTED ANY EVIDENCE DEMONSTRATING THAT SECURED CREDITOR OR SECURED CREDITOR'S COUNSEL SHOULD BE SANCTIONED FOR FILING THE PROOF OF CLAIM.**

The Debtor's Objection alleges that Secured Creditor and its counsel of record engaged in unethical and illegal conduct by filing the Proof of Claim. Such claims are outrageous and nonsensical, and are not supported by any evidence whatsoever. As stated previously, the Proof of Claim was properly filed in accordance with Rule 3001 and contains sufficient documentation evidencing Secured Creditor's interest in the Subject Property. Undersigned counsel requests that the Court admonish the Debtor for making such outlandish allegations against Secured Creditor and its counsel.

III. **CONCLUSION**

Creditor's Proof of Claim was filed in accordance with Federal Rule of Bankruptcy Procedure 3001 and is therefore presumptively valid. The Debtor has failed to present sufficient evidence to negate the validity of Creditor's claim or to justify imposing sanctions against Secured Creditor or its counsel.

**WHEREFORE**, Creditor respectfully requests:

1. That the Court overrule the Objection in its entirety; or
2. That the Court set this matter for an initial status conference; and
3. For such other relief as the Court deems just and proper.

Respectfully submitted,

**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**

Dated: March 12, 2024          /s/ Sean C. Ferry
                               Attorneys for Creditor

Sean C. Ferry (SBN 310347)
sferry@raslg.com
**Robertson, Anschutz, Schneid & Crane LLP**
350 10th Avenue, Suite 1000
San Diego, CA 92101
Telephone: (470) 321-7112

Attorneys for Creditor
U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Tamara Taylor Reeder<br>       Debtor. | Case No. 23-41536<br><br>Chapter 13<br><br>**CERTIFICATE OF SERVICE** |

I, Sean C. Ferry, hereby declare as follows:

I am an active member of the State Bar of California and I am not a party to the above-captioned case; my business address is 350 10th Avenue, Suite 1000, San Diego, CA 92101.

On March 12, 2024, I caused copies of the following document(s) to be served:

**RESPONSE TO DEBTOR'S OBJECTION TO FORM 410 CLAIM NUMBER 4 BY CLAIMANT U.S. BANK TRUST NATIONAL ASSOCIATION** in the following manner on the parties listed below:

- **BY FIRST CLASS MAIL**: Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), I enclosed said document(s) in a sealed envelope addressed to the persons at the address(es) listed below, placed first class postage fully prepaid thereon, and deposited said envelope in a United States mailbox.

| | |
|---|---|
| 1 | |
| 2 | **DEBTOR** |
| 3 | Tamara Taylor Reeder<br>5632 Weaver Pl<br>Oakland, CA 94619 |
| 4 | |
| 5 | • **BY ELECTROIC SERVICE (ECF):** |
| 6 | |
| 7 | **TRUSTEE** |
| 8 | Martha G. Bronitsky |
| 9 | **US TRUSTEE** |
| 10 | Office of the U.S. Trustee/Oak |
| 11 | |
| 12 | I declare under penalty of perjury under the laws of the United States of America that the |
| 13 | forgoing is true and correct. |
| 14 | |
| 15 | Executed on this 12th day of March, 2024. |
| 16 | |
| 17 | /s/ Sean C. Ferry<br>Sean C. Ferry |

- 2 -
**CERTIFICATE OF SERVICE**

CASE NO **23-41536**